## ·RE WILL OF ISAAC REYNOLDS.

### WASHINGTON—MARCH 18, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

The word "children," as ordinarily used in a will, means immediate descendants, *i. e.,* of the first generation.

This word does not include grandchildren or more remote issue, unless that meaning be necessary to give effect to the will, or unless the testator has shown by other language in his will that he does not use the word in its ordinary sense, but intends it to have a more extended signification.

A. devised certain real and personal property to S. for his life, remainder to his children living at his decease, with a subsequent clause in the will giving all the residue of his estate to S. and his heirs and assigns forever. At the date of the will S. had two children, but both of them died before he did, and both of whom left children :—

*Held,* that the contingent gift of the property, on the determination of the life estate, having lapsed by the death of the children of S. during his life-time, and there being no gift over of the property, it passed to him under the residuary clause of the will.

*Held,* further, that S. thereby became seized in fee of the real estate, and that · his widow was entitled to dower therein.

· BILL IN EQUITY for the construction of a will.

MATTESON, C. J.    This is a case stated for the opinion of the court. Isaac Reynolds, of North Kingstown, died January 11, 1864, leaving a last will and testament, dated April 16, 1853, which was duly admitted to probate February 8, 1864. The fourth clause of this will gives the testator's wharf estate to his son, Stephen D. Reynolds, during his natural life, and the fifth clause disposes of the remainder in

said wharf estate, as follows : "After the decease of my said son, Stephen D. Reynolds, I give and devise to his children living at his decease all my wharf estate, with all the buildings and improvements thereon, to them, their heirs and assigns forever, to be equally divided between them." The fourth clause of the will also bequeathed the interest, income and dividends of certain bank stocks named therein to the said Stephen D. Reynolds, during his natural life. The fifth clause disposes of these bank stocks, on the decease of said Stephen, as follows : "I also give and bequeath, after the decease of my said son, unto all his children then living, to be equally divided between them, the following bank stocks," specifying the same shares enumerated in the fourth clause. By the sixth clause of the will the testator gives all the residue of his estate, both real and personal, to his said son, Stephen D. Reynolds, his heirs and assigns forever.

At the date of the will, April 16, 1853, the testator had a daughter, who is still living but is not interested in the questions presented for our opinion, and a son, the said Stephen, who then had two children, a son, Albert F. Reynolds, and a daughter, Sarah E. Straight. Albert died December 3, 1862, before the testator, leaving a daughter, Lydia W. Reynolds. Sarah died April 8, 1864, after the testator, leaving two sons, Stephen R. Straight and Erastus H. Straight, and one daughter, Clara M. Straight.

Stephen D. Reynolds died September 28, 1896, leaving no children, but leaving the grandchildren named above as his only issue, and also leaving a widow, Annie C. Reynolds, and a last will and testament in which he bequeathed the bank stock in question to his widow.

The questions submitted for our opinion are :

1. What is the true meaning of the word "children," as used in the fifth clause of the will, with reference to the remainder in said real estate and to said shares of bank stock ? Is it equivalent to the word "issue" or to the word "descendants," or does it mean children of first degree only ?

2. Did Stephen D. Reynolds ever have more than a life estate in said real estate, or was he at the time of his death,

by virtue of the residuary clause of said will, seized therein in fee simple, thus entitling his widow, Annie C. Reynolds, to dower therein ?

3.   Had said Stephen D. Reynolds at the time of his death title to said bank stock, so that he could bequeath the same to said Annie C. Reynolds in his will, or was the title thereto in the grandchildren of said Stephen ?

The word "children," as ordinarily used in a will, means immediate descendants, i. e., of the first generation.   It does not include grandchildren or more remote issue, unless it is necessary to give it that meaning in order to give effect to the will, or unless the testator has shown by other language in his will that he does not use the word in its ordinary sense but intends it to have a more extended signification. *Williams* v. *Knight*, 18 R. I. 336, and cases cited.   It is unnecessary to give the word "children" any other than its ordinary signification to give effect to the will in the present instance, and we see nothing in it to indicate any intention of the testator to use the word in a more extended sense.   The effect of the fifth clause is to create a contingent remainder in the real estate and a contingent gift of the bank stock, on the decease of the life tenant, in and to his children living at that time.   The language is too clear to leave room for construction.   Our opinion is, therefore, that the word "children," as used in the fifth clause of the will, means children of the first generation, and that it does not have the more extended meaning of the word "issue" or the word "descendants."

The contingent remainder in the real estate and contingent gift of the bank stock, on the determination of the life estate of Stephen D. Reynolds, having lapsed by the death of his children, Albert F. Reynolds and Sarah E. Straight, during his life-time, and there having been no gift over of the real estate and bank stock, we are of the opinion that these passed under the residuary clause to the said Stephen D. Reynolds. *Peckham* v. *Newton*, 15 R. I. 321.   It follows that the said Stephen, on the death of the latter of his two children, became seized in fee of said real estate, and that his widow, Annie C. Reynolds, is entitled to her dower therein.

For the same reason we are of the opinion that the said Stephen D. Reynolds at his decease also had title to said bank stocks, so that he could bequeath the same to his widow, said Annie C. Reynolds.

*Dexter B. Potter and Warren W. Chase,* for the several parties in interest.